# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

**JOSE A. RIVERA, JR.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**Case No.:**

**S 3 HOSPITALITY MIAMI, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE A. RIVERA, JR. ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, S 3 HOSPITALITY MIAMI, LLC ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.　　This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3).

2.　　This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.　　Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Broward County, Florida.

### PARTIES

4.　　Plaintiff is a resident of Miami-Dade County, Florida.

5.      Defendant operates a hotel in Broward County, Florida.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8.      At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

9.      Defendant continues to be an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

12.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

13.     Plaintiff has satisfied all conditions precedent, or they have been waived.

14.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

2

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began working for Defendant as an Airport Shuttle Driver on or around August 12, 2022, and he worked in this capacity until on or around June 3, 2023.

17.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18.     As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

19.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FMLA.

20.     In or around May, 2023, Plaintiff asked Darvis, the Manager of Hotel Dello Tapestry by Hilton about unpaid overtime premium for the overtime hours that Plaintiff worked.

21.     However, Darvis brushed Plaintiff off twice and did not give Plaintiff a response regarding the unpaid overtime premium.

22.     In or around late-May, 2023, Darvis, informed Plaintiff that he no longer had a position at Dello, but that he was being transferred to the Holiday Inn Express in Fort Lauderdale.

23.     Darvis told Plaintiff that the owners of Dello "no longer wanted [Plaintiff] there."

24.     Darvis also threatened to contact the police if Plaintiff returned to Dello.

25.     When Plaintiff arrived at the Holiday Inn Express, he was required to apply for the position at that location.

26.     This "transfer" to the Holiday Inn Express was retaliation for Plaintiff engaging in protected activity by asking to be paid for his unpaid overtime premium.

27.     Plaintiff contacted Defendant's Human Resources Department ("HR") to inquire about his unpaid overtime premium from Dello, but HR told Plaintiff that it was now too late for Plaintiff to receive this compensation.

28.     On several more occasions, Plaintiff contacted HR to further inquire about this unpaid overtime premium for all of the overtime hours that he worked and to seek proper compensation under the FLSA.

29.     However, HR failed to respond to Plaintiff's continued correspondence.

30.     On or around June 3, 2023, Defendant's District Manager, Sam Purcell ("Mr. Purcell") and the Manager for The Fourt Points in Fort Lauderdale held a meeting with Plaintiff.

31.     At this meeting, Mr. Purcell told Plaintiff that he was offended by Plaintiff contacting HR regarding the FLSA violations, as it "made [Mr. Purcell] look bad."

32.     At this meeting, Mr. Purcell then attempted to have Plaintiff accept an envelope containing cash, in exchange for Plaintiff no longer demanding to be paid his unpaid overtime premium.

33.     At this meeting, Plaintiff declined to accept the cash envelope and told Mr. Purcell that Plaintiff may need to seek legal counsel, due to Defendant's failure to lawfully compensate Plaintiff for the unpaid overtime premium that was owed to him.

34.     At this meeting, immediately after Plaintiff declined to accept this cash envelope and stated that he needed to seek legal counsel regarding the FLSA violations, Mr. Purcell and the Manager for The Four Points in Fort Lauderdale terminated Plaintiff.

35.     Defendant's termination of Plaintiff was in retaliation for Plaintiff engaging in protected activity under the FLSA by objecting to the unlawful failure of Defendant to compensate Plaintiff for unpaid overtime premium.

36.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

37.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 21, 27 through 34, and 36 of this Complaint, as though fully set forth herein.

38.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

39.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment, stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

41.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

42.     By complaining about Defendant's failure to properly compensate Plaintiff at a correct overtime rate for all hours worked in excess of forty (40) per week, Plaintiff engaged in protected activity under the FLSA.

43.     By "transferring" Plaintiff and then terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45.     Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and

(f)     For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of December, 2023.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-321-4086
Facsimile No.: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**